IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOLLY PERRY                  PLAINTIFF

    v.       CIVIL NO. 09-5226

MICHAEL J. ASTRUE, Commissioner
Social Security Administration           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Holly Perry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for child disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 9, 2007, alleging an inability to work since October 16, 2006, due to severe chronic back pain with radiculopathy, morbid obesity, non-insulin dependent diabetes, bipolar disorder, depression and a level two learning disorder. (Tr. 100-104).  An administrative hearing was held on December 9, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 9-38).

By written decision dated May 13, 2009, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 48).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, scoliosis, morbid obesity, non-insulin dependent diabetes mellitus (NIDDM), major depressive disorder and/or bipolar disorder, and a learning disorder. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 49). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20CFR 404.1567(a) and 416.967(a) except that she can only occasionally climb stairs, balance, stoop, kneel, crouch and crawl, she can never climb scaffolds and ladders, she is unable to work at heights, and she can tolerate no more than moderate exposure to extreme cold. In addition, the claimant must sit and/or stand hourly, and she can perform only unskilled work.

(Tr. 51). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a machine tender and a cashier. (Tr. 55).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing the additional evidence, denied that request on August 26, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 7).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

AO72A
(Rev. 8/82)

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

AO72A
(Rev. 8/82)

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.    Discussion:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." Id.

In the present case, the ALJ found Plaintiff maintained the RFC to perform a limited range of sedentary work. Regarding Plaintiff's mental functioning, the ALJ found Plaintiff could perform unskilled work.

A review of the medical evidence reveals Plaintiff sought treatment for mental impairments including depression, bipolar disorder, and learning disabilities. (Tr. 188, 270, 321-325, 410-434, 460-533[1]).  What is particularly troubling to the undersigned is the medical assessment completed by Ms. Melissa Lemons-Tiernan, M.S., and reviewed by Dr. W.A. Cochran in January of 2006. (Tr. 431-434).  This evaluation indicates that Plaintiff has a cognitive disorder and that test results showed that Plaintiff's scores were associated with a slowed work speed that would require the allowance of extended time to complete tasks.  (Tr. 433).  It is noteworthy that the vocational expert testified at the December 9, 2008 administrative hearing that an individual expected to be off pace up to a third of the day would not be able to sustain gainful employment.  (Tr. 37).  As there is no RFC assessment completed by an examining or treating physician addressing Plaintiff's slowed work speed and the record indicates Plaintiff would have some delays in pace, the undersigned believes remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's mental RFC.

On remand, the ALJ is directed to obtain a mental RFC assessment from Plaintiff's treating and/or examining physicians asking the physicians to review Plaintiff's medical records; to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.  The ALJ may also order a consultative psychological exam, in which, the consultative examiner should be asked to review the medical evidence of record,

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review.  (Tr. 4)  See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

perform a mental evaluation, and complete a mental assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

We further note that the medical evidence is somewhat ambiguous with regard to Plaintiff's physical limitations and her physical RFC. On remand, the ALJ is directed to address interrogatories to Drs. Kevin Richter and Rebecca Barrett, Plaintiff's treating physicians, asking them to review Plaintiff's medical records and complete a physical RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

We further suggest that the ALJ address Plaintiff's alleged inability to afford medical treatment and medication.

## IV.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of November 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)